"O"

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL AGUILA, | Case No. EDCV 02-992 AN |
| Plaintiff, | MEMORANDUM AND ORDER |
| v. | |
| JO ANNE B. BARNHART, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

## I. INTRODUCTION

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for supplemental security income ("SSI") under Title XVI of the Social Security Act ("Act"). Both parties have consented to proceed before the Magistrate Judge. Pursuant to the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding issues concerning remand and/or immediate payment of benefits ("JS").

## II. BACKGROUND

Plaintiff was born on August 21, 1953, and was 48 years old at the time of the administrative hearing. [Administrative Record ("AR") at 19, 75.] Plaintiff completed high school, but has no past relevant work experience. [AR at 14, 19.]

Plaintiff filed an application for SSI on November 30, 2000. [AR at 14-15, 75-77.] Plaintiff claims that she has been disabled since November 30, 2000, due to depression, anemia, migraine headaches, and a social phobia. [AR at 14-15.] Plaintiff's application was denied initially and on reconsideration. [AR at 50-53, 55-59.] At Plaintiff's request, a hearing was held before an ALJ on May 16, 2002. [AR at 23-47.] On June 14, 2002, the ALJ issued a decision denying Plaintiff's application for SSI. [AR at 14-21.] When the Appeals Council denied review, the ALJ's decision became the final decision of the Commissioner. [AR at 6-7.] Plaintiff then commenced this action for judicial review. On April 28, 2003, the Court issued a Sentence 6 remand so that the administrative record could be located. On April 11, 2005, this case was reopened, pursuant to a stipulation by the parties.

### III. DISCUSSION

**A.   Standard of Review**

This Court must review the record as a whole and consider adverse as well as supporting evidence. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The Commissioner's final decision affirming an ALJ's decision that a claimant is not disabled must be upheld if the ALJ's findings are supported by substantial evidence in the record and the proper legal standards were applied. *See Curry v. Sullivan*, 925 F.2d 1127, 1129 (9th Cir. 1990). The harmless-error rule applies. *Id.* at 1131. "Substantial evidence means more than a mere scintilla, but less than a preponderance." *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). It is further defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.*; *see also*, *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed. 2d 842 (1971). The ALJ is responsible for determining credibility, resolving conflicting testimony, resolving ambiguities, and "is entitled to draw inferences 'logically flowing from the evidence.'" *Andrews*, 53 F.3d at 1039; *Macri v. Chater*, 93 F.3d 540, 543-544 (9th Cir.

1996). Consequently, inferences and conclusions as the ALJ may reasonably draw from the evidence are upheld. *See Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). Likewise, an ALJ's findings are upheld where the evidence is susceptible of more than one rational interpretation. *Andrews*, 53 F.3d at 1039-1040.

To collect DIB or SSI benefits, Plaintiff must suffer from a "disability." 42 U.S.C. §§ 423(a)(1)(D); 1382(a). To be disabled within the meaning of the Act, a claimant must suffer from a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§423(d)(1)(A); 1382c(a)(3)(A). The impairment must be of "such severity that [the claimant] is not only unable to do [his or her] previous work but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . . ." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B). The claimant has the burden of showing that she or he is disabled. 42 U.S.C. §§ 423(d)(5); 1382c(a)(3)(H)(i); *Clem v. Sullivan*, 894 F.2d 328, 330 (9th Cir. 1990).

**B.     The Five-Step Sequential Analysis**

The Social Security Regulations use a five-step sequential analysis for making DIB and SSI disability determinations. 20 C.F.R. §§ 404.1520, 416.920. The first step asks whether the claimant is working. The second step asks whether the claimant has a "severe" impairment, which is defined as an impairment which "significantly" -- more than minimally -- limits an individual's ability to perform basic work activities. 20 C.F.R. §§ 404.1521, 416.921; *Bowen v. Yuckert*, 482 U.S. 137, 154, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). However, this step two determination is "'a *de minimis* screening device to dispose of groundless claims.'" *Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir. 2001) (internal citations omitted). The third step asks whether the claimant has an impairment which meets or equals the criteria of any impairment identified in the appendix to the Social Security Regulations commonly referred to as the "Listings." *Id*.

The fourth and fifth steps require that the ALJ assess the claimant's residual

functional capacity ("RFC"). RFC is a determination of a claimant's remaining abilities to perform work. 20 C.F.R. §§ 404.1545, 416.945(a). In determining a claimant's physical limitations, the ALJ considers the claimant's ability to lift weight, sit-stand, push-pull, etc. 20 C.F.R. §§ 404.1545(b), 416.945(b). Mental, environmental and other limitations such as the ability to see and hear are also part of the RFC determination. 20 C.F.R. §§ 404.1545(c) and (d), 416.945(c) and (d). A claimant's limitations are categorized as either exertional or non-exertional; exertional limitations are those based upon strength considerations alone. *Cooper v. Sullivan*, 880 F.2d 1152, 1156 (9th Cir. 1989). Non-exertional limitations are unrelated to strength and include "mental, sensory, postural, manipulative, and environmental limitations." *Id*. The exertional requirements of work are classified as sedentary, light, medium, heavy and very heavy. 20 C.F.R. §§ 404.1567, 416.967.

Once the RFC is determined, the fourth step asks whether the claimant can perform his or her past relevant work; at this step the claimant also has the burden of proving he or she is unable to perform past relevant work.

At the fifth step in the analysis, the burden shifts to the Commissioner to prove that the claimant, based on his or her age, education, work experience, and residual functional capacity, can perform other substantial and gainful work existing in the regional or national economy. 20 C.F.R. §§ 404.1520, 416.920. The Commissioner can satisfy this fifth step burden by either (1) applying the Medical-Vocational Guidelines (the "Grids") found at 20 C.F.R. Pt. 404, Subpt. P, App. 2, §§ 200.00-204.00, or (2) taking the testimony of a Vocational Expert ("VE"). *Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988). However, the Commissioner cannot rely upon the Grids and must use a VE where the claimant's non-exertional limitations are 'sufficiently severe' so as to significantly limit the claimant's ability to perform the full range of sedentary, light, or medium work. *Id*.

If the answer to any of the questions in the five-step analysis establishes the claimant is or is not disabled, the evaluation ends. 20 C.F.R. §§ 404.1520(a), 416.920(a);

*see also Bowen v. Yuckert*, 482 U.S. at 140.

In the decision denying benefits, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. [AR at 15.] While the ALJ found that Plaintiff suffers from the severe impairments of depression and headaches, the ALJ determined that Plaintiff's impairments did not meet or equal one of the impairments in the Listings. [AR at 16.] In assessing RFC, the ALJ found that Plaintiff was capable of performing work at any exertional level, but that she was restricted to routine, simple repetitive work with a small number of people (less than 10), with limited contact with the public, and no intense interpersonal relationships. [AR at 18.] Although the ALJ found that Plaintiff has no past relevant work, the ALJ determined that Plaintiff was capable of performing a significant number of jobs, including work as a warehouse puller and laundry worker. [AR at 19.]

**C.     Analysis**

Plaintiff asserts that the ALJ erred by improperly rejecting the opinion of her treating psychiatrist, Jesse Devera, M.D. The Commissioner disagrees.

In May 2000, Plaintiff began receiving mental health treatment from Dr. Devera and other doctors at the San Bernardino County Department of Behavioral Health and diagnosed with major depression, recurrent. [AR at 197-203, 206, 213, 217-26.] In April 2001, Dr. Devera completed a medical source statement (mental) on Plaintiff's behalf. [AR at 204-05.] Dr. Devera rated Plaintiff as "poor" with respect to the following work-related areas: understanding and remembering detailed or complex instructions; interacting with the public, co-workers and supervisors; adapting to changes in the workplace; and being aware of normal hazards and reacting appropriately.[1/] [AR at 204-05.] Dr. Devera rated Plaintiff as "fair" in the following categories: understanding and remembering very short and simple instructions; carrying out instructions; attending and concentrating; working without supervision; and using public transportation or traveling

---

[1/]     A rating of "poor" indicates that the claimant "cannot usefully perform or sustain the activity." [AR at 204.]

to unfamiliar places.[2/] [AR at 204-05.]

Consistent with Dr. Devera's opinion, the ALJ found that Plaintiff's depression was severe. [AR at 16.] The ALJ also found that Plaintiff was limited to performing routine, simple, repetitive work involving a small number of people (less than 10), limited contact with the public, and no intense interpersonal relationships. [AR at 18.] While the ALJ did not specifically address Dr. Devera's findings relating to hazards in the workplace and Plaintiff's ability to use public transportation or travel to new places, the ALJ was not required to discuss all evidence presented, but only why significant, probative evidence was rejected. *See Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984). Here, there is no indication in the record that the jobs identified by the VE (*i.e.*, warehouse puller (Dictionary of Occupational Titles ("DOT") 922.687-058) and laundry worker (DOT 361.684-014)) involved work-related hazards, use of public transportation, or travel to new places. [AR at 19, 45-46.] Thus, any error in the ALJ's consideration of Dr. Devera's opinion was harmless. *See Curry*, 925 F.2d at 1131. Moreover, the ALJ provided specific, legitimate reasons to support his decision to discount Dr. Devera's opinion. *See Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1996). For example, the ALJ noted that Dr. Devera's assessment of work-related limitations was not supported by his own treatment notes. [AR 16]; *see Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)(explaining that the ALJ may reject the conclusory opinion of an examining or treating physician if the opinion is unsupported by clinical findings). Indeed, although Plaintiff presented with a depressed mood and sad affect, Dr. Devera repeatedly noted that Plaintiff was pleasant, cooperative, and not in distress. [AR at 197-200, 202, 217-27.] Thus, the ALJ's evaluation of Dr. Devera's opinion is supported by substantial evidence.

/ / /

---

[2/] A rating of "fair" indicates that the claimant's "capacity to perform the activity is impaired, but the degree/extent of the impairment needs to be further described." [AR at 204.]

Page 6

## IV. CONCLUSION

Accordingly, the Court finds the ALJ's determination of non-disability is free of legal error and supported by substantial evidence in the record. Therefore, Plaintiff's request for an order directing the payment of benefits or remanding this case for further proceedings is DENIED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is GRANTED. The clerk shall enter judgment, close the file and terminate all pending motions.

DATED: June 21, 2006              /s/ Arthur Nakazato
                                  ARTHUR NAKAZATO
                                  UNITED STATES MAGISTRATE JUDGE